Swing, J.
From the facts as shown by the evidence it clearly appears that Walters defendant, is undoubtedly an old, quiet, inoffensive man of scarcely ordinary mental capacity. Without warning he was taken from his bench where he was at work, and driven to a saloon, where, surrounded by the officers of the association and his confused, criminally guilty son, he is informed that his son is about to be arrested and sent to the penitentiary, and that he must give a mortgage at that time and place. At first he refused, but finally he yields, after from one-half to an hour’s threats and importunities, the son joining wi(n the officers to bring about this result. As soon as he signs, the whole of the company repair to the old man’s home, where the wife is attacked in the same way, and, although she at first refused to sign, the same inducements finally prevail with her, and she signs the mortgage. It is clear to our mind that these parties were not free agents in this transaction, and were not capable of protecting themselves *203 against those parties. The facts shown clearly in this case call upon a court of equity to protect this old man and his wife. Therefore this court direct a decree in their favor, for two reasons:
1. It is against public policy that the mortgage should stand. The mortgage was obtained, we think, as shown by the evidence, by reason of the threats of the plaintiff, through its officers, to arrest the son of Walters and send him to the penitentiary unless the mortgage was given, and it was given by Walters and wife iu order to prevent the arrest and prosecution of their son.
2. The mortgage should not stand when the following principles of the law are applied to the facts of this case. Mr. Pomeroj’', in his work on Equity, section 951,says: “Where there is no coercion amounting to duress, but a transaction is the result of a moral social or domestic force exerted upon a party, controlling the free action of his will, and preventing any true consent, equity will relieve against the transaction on the ground of undue influence, even though there may be no invalidity at law. In the vast majority of instances undue influence naturally has a field to work upon in the condition or circumstances of the person influenced which render him peculiarly susceptible and yielding — his dependent or fiduciary relation toward the one exerting the influence, his mental or physical weakness, his pecuniary necessities, his ignorance, lack of advice, and the like.”
And Mr. Story, in his work on equity, section 239, states the same general principles as follows :
“ Cases of an analogous nature may easily be put, where the party is subjected to undue influence, although in other respects of competent understanding — as, where he does an act, or makes a contract when he is under duress, or the influence of extreme terror, or of threats, or of apprehensions short of duress; for, in cases oí’this sort, he has no free will, but stands *204 in vinculis. And the constant rule iu equity is that where a party is not a free agent, and is not equal to protecting himself the court will protect him.”
L. if. Hadden, for the Building Association.
Bode & Spiegel and C. K. Browne, c'ontra.
The facts shown in this case clearly brings it under these rules.